IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

PATSY LESTER for
CHRISSY DAWN LESTER,
Deceased,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:18-00906

ANDREW SAUL\*,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on October 23, 2018, in which he recommended that the district court deny plaintiff's request to reverse the final decision; grant defendant's request to affirm the final decision of the Commissioner; affirm the final decision of the Commissioner; and dismiss and remove this case from the court's docket.

---

   \*  Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul, Commissioner of Social Security, has been added as a party. Nancy A. Berryhill's term expired on June 4, 2019, and she has been terminated as a party.

## I. **Background**

The deceased, Chrissy Dawn Lester, (hereinafter referred to as "claimant"), filed her application for Title II benefits on April 23, 2014, alleging disability since December 30, 2013, because of "diabetes, left knee dislocation, bad nerves, depression, anxiety, bronchial asthma, and peripheral arterial disease." (Tr. at 3050). Her claim was initially denied on September 9, 2014, (Tr. at 2920-24), and again upon reconsideration on March 18, 2015. (Tr. at 2926-28). On April 16, 2015, claimant filed a written request for hearing. (Tr. at 2929). An administrative hearing was held on August 9, 2016 before the Honorable Michael E. Mance, Administrative Law Judge ("ALJ"). (Tr. at 2859-87). On December 7, 2016, the ALJ entered an unfavorable decision. (Tr. at 2731-51). On February 10, 2017, claimant sought review by the Appeals Council of the ALJ's decision. (Tr. at 3013). The ALJ's decision became the final decision of the Commissioner on March 22, 2018, when the Appeals Council denied Claimant's Request. (Tr. at 1-7).

Claimant passed away on March 28, 2018. (ECF No. 1, at 3). On May 9, 2018, Patsy Lester, claimant's mother (hereinafter referred to as "plaintiff"), acting *pro se*, timely brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). Id.

## II. Plaintiff's Objections to the PF&R

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's PF&R. The failure of any party to file such objections constitutes a waiver of such party's right to a *de novo* review by this court. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On November 5, 2018, plaintiff, acting *pro se*, filed objections to the PF&R. (ECF No. 22). Plaintiff's objections are reproduced in full:

> I object to the findings of this case. I know my daughter was neither able [n]or capable of holding down a job. If she had been able + capable of working I would have been the first one to tell her to get out and earn a living for her and her daughter. [Claimant] was severely bipolar plus physical problems. Yes, [claimant] got addicted to narcotics due to mental + physical problems and addiction is a horrible disease it is right up in the class of terminal cancer both are deadly! The difference is you have to be severely mentally ill to become an addict. These doctors write prescriptions to[o] freely. Especially people on Medicaid + Medicare. Medicaid + Medicare should stop paying for narcotics that would make a big dent in the Ophiod [sic] epidemic in our country. Please reconsider the findings [claimant] was absolutely disabled. [Claimant] loved being a nurse. She just wasn't able or capable of working. Yes she would attend her daughters school functions but I was always with her and done the driving. [Claimant] was in a lot of pain most of the time that's why she became an addict. (Id.)

## III. **Standard of Review of *Pro Se* Objections**

Pursuant to Fed. R. Civ. P. 72(b), the Court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Furthermore, *de novo* review is not required and unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

4

Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, courts "need not . . . address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the [PF&R]." Dippel v. S.C. Farm Bureau Mut. Ins. Co., 2019 WL 4010420, at *2 (D.S.C. Aug. 26, 2019) (citing Orpiano, 687 F.2d at 47).

Liberally construing plaintiff's objections, the court reads plaintiff's statement as setting forth five primary objections: 1) plaintiff "object[s] to the findings" and asks the court to "reconsider the findings;" 2) claimant's narcotics addiction meant that claimant was mentally ill and was therefore disabled; 3) claimant suffered from bipolar disorder and was therefore disabled; 4) claimant never drove herself to her daughter's school functions; and 5) claimant was not capable of working. (ECF No. 22).

It is not the province of a federal court to make administrative disability decisions. Rather, *de novo* review of the PF&R in disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusions. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see

5

also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

### IV. Analysis of Objections 1 and 2

Plaintiff's objections 1 and 2 are general and conclusory objections. Neither objection 1 nor 2 direct the court to any specific error in the PF&R. As such, *de novo* review is not required. See Orpiano, 687 F.2d at 47. Furthermore, as to objection 2, plaintiff has never raised this argument before. In fact, claimant frequently claimed she had not abused drugs in the past eight years. (ECF No. 21, at 30) ("The record demonstrated that Claimant denied using IV drugs."). Because plaintiff never raised this objection previously, this issue is deemed waived and *de novo* review is not required. See Harris v.

6

Astrue, 2012 WL 4478413, at *5 (D.S.C. Sept. 27, 2012), aff'd, Harris v. Comm'r of Soc. Sec. Admin., 538 Fed. Appx. 293 (4th Cir. 2013) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

With respect to objections 1 and 2, this Court need only conduct a careful review to satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's Recommendations. See generally Fed. R. Civ. P. 72(b) Advisory Committee's note (1983). The court has conducted this review and is satisfied no clear error exists. Therefore objections 1 and 2 are **OVERRULED**.

## V. Analysis of Objections 3, 4, and 5

Plaintiff's objections 3, 4, and 5, read broadly, do state objections that warrant *de novo* review. Plaintiff's objection 3 alleges that claimant's severe bipolar disorder should have led to a conclusion that claimant was disabled pursuant to the third step of the Administrative Law Judge's (ALJ) disability determination. See 20 C.F.R. § 404.1520(a)(4)(iii) (2012). Objection 4 is a specific factual objection alleging that claimant never drove herself alone to her daughter's school functions. Objection 4 is relevant to the severity of claimant's restrictions of daily living, which is also a component of step iii of the ALJ's disability determination. See id. Plaintiff's objection 5 alleges that claimant was not

7

capable of performing any job. This is an objection to the ALJ's finding that there were other jobs that plaintiff could perform, which is a part of the fifth step of the ALJ's disability determination. See id. § 404.1520(a)(4)(v). All three objections challenge the conclusions of the five-step disability evaluation that the ALJ used and PF&R approved.

The ALJ uses a five-step sequential process in evaluating disability claims. See id. §§ 404.1520(a)-(g). If at any point of this process the ALJ determines conclusively that a claimant is or is not disabled, review does not proceed to the next step. Id. § 404.1520(a)(4). The five steps include evaluations of whether a claimant i) is working; ii) has a severe impairment; iii) has an impairment that meets or equals the impairments in Appendix 1 to Subpart P of the Administrative Regulations No. 4; iv) can return to her past relevant work; and v) if not, whether she can perform other work. See id. §§ 404.1520(a)-(g). If the process reaches the fifth inquiry, in order to show that claimant can perform other work, the ALJ must show both A) that claimant, considering claimant's age, education, work experience, skills, and physical shortcomings, has the capacity to perform an alternative job, and B) that this alternative job exists in significant numbers in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

Here, inquiries i, ii, and iv were all met in favor of

finding that claimant did have a disability, while steps iii and v found against claimant being disabled. Claimant satisfied the first inquiry because she had not worked since the alleged onset date of December 30, 2013. (Tr. at 2736, Finding No. 2). She also met the second inquiry, as the ALJ found that claimant suffered from severe impairments, notably including bipolar disorder. (Id., Finding No. 3). At the third inquiry, the ALJ concluded claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1, (id. at 2737, Finding No. 4), and then found that claimant had the ability to perform light work. Notably, in conducting the third inquiry, the ALJ found that claimant's mental impairments did not meet sufficient severity levels because claimant did not display greater than moderate restriction in at least two of the following: activities of daily living; social functioning; maintaining concentration, persistence, or pace; repeated episodes of decompensation. (Id.) Claimant then satisfied step iv because she was unable to perform any past relevant work. (Id. at 2744, Finding No. 6). However, at step v, claimant - considering her age, education, work experience, skills, and physical shortcomings - was found to be able to perform alternative work that existed in significant numbers in the national economy. (Id. at 2745, Finding Nos. 7-10). This conclusion in step v led the ALJ to conclude that claimant was not disabled as defined in

9

the Social Security Act.  (Id. at 2746, Finding No. 11) (citing 20 C.F.R. § 404.1520(g) ("If you can make an adjustment to other work, we will find you not disabled.")).  The court reviews the determination of steps iii and v *de novo*, with particular attention paid to claimant's bipolar disorder and plaintiff's claims that claimant never drove herself to school functions and that claimant was not capable of working.

### *A. Objections 3 and 4 – Review of Claimant's Impairments*

Step iii considers the medical severity of a claimant's impairments.  20 C.F.R. § 404.1520(a)(4)(iii) (2012).  If the impairment is severe enough to meet the requirements in Appendix 1 to Subpart P of section 404.1520(a)(4)(iii), then there is an immediate finding of disability.  Id. § 404.1520(a)(4).  Listing 12.04 in Appendix 1 corresponds to bipolar disorder.  20 C.F.R. § Pt. 404, Subpt. P, App. 1 (12.00)(B)(3) (2018).  To meet the severity requirements of listing 12.04, claimant's bipolar disorder must satisfy the requirements of both Paragraphs A and B, or the requirements of both Paragraphs A and C.  Id. § Pt. 404, Subpt. P, App. 1 (12.00)(A)(2).  Listing 12.04's Paragraph A includes the medical criteria that must be present in a claimant's medical evidence.  Id. § Pt. 404, Subpt. P, App. 1 (12.00)(A)(2)(a).  Paragraph B evaluates how a claimant's mental disorder limits his or her functioning, and to satisfy the Paragraph B criteria, a claimant's mental disorder must result

in an "extreme" limitation of one of the four areas of mental functioning, or a "marked" limitation of two of the four areas. Id. § Pt. 404, Subpt. P, App. 1 (12.00)(A)(2)(b). The four areas of mental functioning under Paragraph B are restriction of activities of daily living; difficulties in social functioning; difficulties in maintaining concentration, persistence, or pace; and repeated episodes of decompensation. (Tr. at 2737, Finding No. 4). To satisfy Paragraph C, a claimant's mental disorder must be "serious and persistent," such that there is a medically documented history of the existence of the disorder over a period of at least two years, and evidence that satisfies the criteria in both C1 and C2. 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (12.00)(A)(2)(c).

Based upon claimant's medical records, the ALJ concluded that claimant's bipolar disorder did not satisfy either the requirements of both Paragraphs A and B, or the requirements of both Paragraphs A and C. Claimant underwent two disability determination evaluations[1] which assessed her mental health and assessed whether claimant's bipolar disorder satisfied Paragraphs A, B, or C. (Tr. at 2888-2901, 2904-18). The first examination, by Dr. Harlow, evaluated claimant's bipolar

---

[1] These two evaluations were conducted on August 12, 2014 by Dr. Jeff Harlow, (Tr. at 2888-2901), and on March 11, 2015 by Dr. Paula J. Bickham. (Tr. at 2904-18).

11

disorder using the appropriate psychiatric review technique ("PRT"), and found that claimant had "moderate" restriction of activities of daily living, "mild" difficulties in social functioning, "moderate" difficulties in maintaining concentration, persistence, or pace, and "one or two" episodes of decompensation. (Id. at 2894). Based on his evaluation of these factors pertaining to claimant's bipolar disorder, Dr. Harlow concluded that "the requirements in paragraph 'B' [were] not satisfied." (Id. at 2895). Dr. Harlow additionally concluded that Paragraph C criteria were also not met. (Id.) The second examination, by Dr. Bickham, also evaluated claimant's bipolar disorder using the PRT, and found that there was "insufficient evidence" to establish that either the Paragraph B or Paragraph C criteria were met. (Id. at 2911).[2] As a result, substantial evidence supports the ALJ's determination that claimant does not meet step iii, and plaintiff's objection 3 is **OVERRULED**.

There are two possible sources of error in the ALJ's findings in the step iii inquiry that plaintiff's objection 4 addresses. First, the ALJ found that claimant had no restriction in her activities of daily living. (Id. at 2738, Finding No. 4). However, this error in the ALJ's determination

---

[2] Notably, claimant was determined to be "not disabled" upon each evaluation. (Id. at 2901, 2018).

12

is harmless. Dr. Harlow found that claimant had "moderate" restriction in her daily living due to her bipolar disorder. (Id. at 2894). But this one "moderate" restriction is insufficient to meet Paragraph B's requirements; Paragraph B requires two restrictions of at least "marked" limitation, and "marked" limitation is a restriction greater than "moderate" limitation. 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (12.00)(F)(2) (2018). Therefore, even if the ALJ should have found that claimant had "moderate" restrictions in her daily living, claimant did not have two or more "marked" limitations, and thus Paragraph B criteria were not met.

Second, the ALJ at least in part based his determination of no restriction in daily living upon his finding that claimant attends school functions with her daughter. This error – if it is even error[3] – is also harmless for the same reasons discussed

---

[3] First, the ALJ's wording – that claimant "attends school functions with her daughter" – does not clearly indicate that he believed claimant drove herself, or drove herself alone, to these events. (Tr. at 2738, Finding No. 4). Second, the record is inconsistent regarding whether claimant did in fact drive herself to things around town or whether her mother drove her. For example, in claimant's oral hearing before the ALJ, claimant stated once that she doesn't drive unless someone is with her, (id. at 2867), while later stating that she continued driving in spite of her seizures, (id. at 2879-80), and that she has driven to the convenience store several times. (Id. at 2876) (these trips to the convenience store are presumably by herself, since she has to return home to ask what she was supposed to purchase because she forgot). Therefore, the factual basis of plaintiff's objection is unclear, as is whether or not the ALJ's

13

above. If true, the fact that claimant only attended her daughter's school functions when her mother drove her to them would not elevate claimant's restriction in daily living to above the "moderate" level. In the ALJ's listed reasons for finding that claimant's mental impairments did not restrict her daily living, the ALJ noted many factors in addition to claimant's ability to attend her daughter's school functions. The ALJ also noted that claimant woke and readied her child for school, cares for and practices with her daughter, cooks primarily using the microwave, watches television, cleans her house, and shops for groceries. (Tr. at 2738, Finding No. 4). As such, there are many grounds to find that claimant had, at most, "moderate" limitations in her daily living.

Therefore, both possible sources of error in the ALJ's findings raised by objection 4 are harmless, as there is substantial evidence that supports the ALJ's determination that step iii was not met. As such, after *de novo* review considering objections 3 and 4, claimant does not meet step iii's requirements, and there can be no immediate finding of disability. Plaintiff's objections 3 and 4 are **OVERRULED**. The court now directs its attention to plaintiff's objection 5.

---

determination actually relied upon a finding that claimant drove herself places, including to her daughter's school functions.

### B. Objection 5 – Review of Step v

Step v requires the ALJ, in order to deny claimant benefits, to show that claimant's impairments do not preclude her from making an adjustment to being able to perform any other work. 20 C.F.R. § 404.1520(g) (2012). The ALJ must meet a two-part test by demonstrating both A) that claimant, considering claimant's age, education, work experience, skills, and physical shortcomings, has the capacity to perform an alternative job, and B) that this alternative job exists in significant numbers in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976). Plaintiff's objection 5 challenges the first part of the test.

The ALJ's determination that claimant's impairments did not preclude her from performing other work is supported by substantial evidence. Claimant is a younger individual, as she was 34 years old at the time of the alleged disability onset date. (Tr. at 2745, Finding No. 7). Claimant has a high school education, (id.), where she had a GPA of 3.9, (id. at 2738), she completed one year of college, and she has an LPN degree. (Id. at 3051). Claimant worked as a nurse for thirteen years prior to the alleged disability onset. Claimant's job skills are not relevant, as it had been decided in her favor that she was unable to return to her previous work. (Id. at 2744). While claimant has mental and physical shortcomings, the ALJ expressly

15

and correctly accounted for those shortcomings by obtaining a Vocational Expert's opinion as to whether jobs existed that a hypothetical person with claimant's impairments and limitations could perform. (Id. at 2882-85). The Vocational Expert stated that there were sedentary and unskilled jobs that claimant could perform, such as a marker, mail clerk, garment sorter, document preparer, charge account clerk, or call-out operator. (Id. at 2883-84).

Considering plaintiff's objection 5, this court finds that the ALJ's determination that claimant was able to work and meets step v of the disability analysis is supported by substantial evidence. As such, plaintiff's objection 5 is **OVERRULED**.

## VI. Conclusion

The court has reviewed Magistrate Judge Aboulhosn's Proposed Findings and Recommendation, plaintiff's objections to the PF&R, defendant's brief in support of defendant's decision, and the pertinent portions of the administrative record. In so doing, the court has made a *de novo* determination of those issues within the PF&R to which plaintiff properly objected. The court finds that Magistrate Judge Aboulhosn was correct in concluding that there is substantial evidence in the record to support the ALJ's and the Commissioner's decision.

Based upon the foregoing, the court adopts the Findings and Recommendations of Magistrate Judge Aboulhosn as follows:

1. Plaintiff's request for reversal of the final decision is **DENIED**;
2. Defendant's request to affirm the final decision of the Commissioner is **GRANTED**;
3. The final decision of the Commissioner is **AFFIRMED**;
4. The case is **DISMISSED**; and
5. The Clerk is directed to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and all unrepresented parties.

**IT IS SO ORDERED** this 25th of September, 2019.

ENTER:

David A. Faber
Senior United States District Judge